## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARIN SMITH AND JULIA SMITH ON BEHALF OF A.S.; DARIN SMITH; JULIA SMITH** | NO. _____ |
| **Plaintiff,** | **CIVIL ACTION - LAW** |
| v. | |
| **ST MARGARET MARY SCHOOL** | **JURY TRIAL DEMANDED** |
| **Defendants** | **ELECTRONICALLY FILED** |

## CIVIL COMPLAINT

AND NOW, comes PLAINTIFFS by and through his counsel, COX LAW GROUP and files the foregoing Civil Complaint:

1. Plaintiff A.S. is a minor child, therefore her parents Darin Smith and Julia Smith are bringing this lawsuit on her behalf.

2. Plaintiff Darin Smith and Julia Smith are also individual Plaintiff's in this matter.

3. Plaintiffs are individuals residing at 3812 Kramer Street; Harrisburg, Pennsylvania 17109.

4. Defendant is a school with its principal place of business at 826 Herr St, Harrisburg, PA 17103.

5. This Court has jurisdiction over this federal question matter pursuant to 28 U.S.C. 1331.

6. This Court has supplemental jurisdiction over the state related matters pursuant to 28 U.S.C. 1367 in that all of the facts and claims in this case arise from the same case, controversy, and transaction regarding the purchase of the property in question.

7. Venue is proper under 28 U.S.C. § 1391 because all of the conduct complained of occurred within this District.

8. On or about November 17, 2023, A.S. was in music class at St. Margaret Mary school with her music teacher Mr. Joseph Codispoti.

9. Mr. Joseph Codispoti is an employee and agent of Defendant.

10. On the day in question, A.S. had her hair stuck in a piece of Velcro.

11. Instead of this being brought to Plaintiff's Mr. Darin Smith Plaintiff Mrs. Julia Smith regarding how they wanted to handle the incident re: their daughter, Mr. Codispoti took it into his own hands by cutting the Velcro out of A.S.'s hair.

12. Defendant did not consult with or notify Plaintiffs before taking this action.

13. Defendant did not attempt to consult with or notify Plaintiffs before taking this action.

14. A.S. had 20 inches of her hair cut by Mr. Codispoti. *See* Photographs attached hereto as Exhibit A.

15. To further complicate the matters, Plaintiffs Mr. Darin Smith and Mrs. Julia Smith reached out to the school via email on November 17, 2023 and received no response.

16. Plaintiffs then reached out to the school via phone on November 20, 2023.

17. As related to the call on the 20th, there was no follow-up as promised by Defendant.

18. Defendant also made admissions that it did not follow-protocol in this matter.

19. Defendant has a Parent/Student Handbook that governs and sets forth policies for the school to follow in scenarios such as this one. *See* Parent/Student Handbook attached hereto as Exhibit B.

20. This incident violates pages 11, 16, 33, 28, and 36 of the Defendant's Parent/Student Handbook.

21. A.S. identifies as an African American girl.

22. A.S. is 8 years old of age.

23. A.S. had 23 inches of hair before this incident.

24. A.S.'s maintained long hair as a part of her African American heritage and culture.

25. A.S.'s hair is and was a part of her African American cultural identity

26. A.S. maintained long hair as a part of her family religious beliefs in correlation with allowing natural features an attributes provided by God to grow naturally.

27. Natural long hair is a large part of the African American culture.

28. Since this incident, A.S. has suffered from severe Post-Traumatic Stress Disorder ("PTSD') and other emotional Trauma that is directly from this incident.

29. A.S. is currently in therapy for the severe trauma associated with this incident and has been diagnosed PTSD. *See* Therapy Letter attached hereto as Exhibit C.

30. Plaintiffs Mr. Darin Smith and Julia Smith have also suffered severe emotional distress from this incident.

31. Plaintiffs Mr. Darin Smith and Julia Smith have also lost wages due to time taken away from work to take A.S. to therapy and medical appointments associated with this.

32. After the incident, Plaintiffs have requested the following accommodation: a request for an alternative to her having to attend music class with the music teacher who cut A.S.'s hair and a request to switch homerooms.

33. All of the accommodations requested were reasonable and supported by medical documentation. *See* Medical Support for accommodation attached hereto as Exhibit D.

34. Defendant did not honor any of the accommodation requests.

35. Defendant received federal aid through the National School Lunch Program and federal subsidies for internet access, the suit states.[1]

36. Defendant receives federal aid through the National School lunch Program and federal subsidies for internet access, the suit states.

37. Defendant receives other federal aid.

38. Plaintiffs have exhausted all of their administrative remedies.

39. Plaintiffs have suffered damages including but not limiting to: monetary damages, medical expenses, emotional damages, attorneys' fees, etc.

**COUNT I: Title VI of the Civil Rights Act (race and national origin) v. Defendant**

40. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if set forth fully herein.

41. Plaintiff is a member of a protected class on the basis of her African American race.

---

[1] https://www.pennlive.com/news/2020/03/catholic-school-blatantly-violated-students-rights-by-expelling-instead-of-helping-her-parents-claim-in-lawsuit.html

42. Plaintiff is a member of a protected class on the basis of her national origin.

43. Defendant's actions were taken with a willful and wanton disregard of Plaintiff's rights under Title VII and on the basis of her race and national origin.

44. As a direct and proximate result of said unlawful practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages.

**COUNT II: Title VI of the Civil Rights Act (religion) v. Defendant**

45. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if set forth fully herein.

46. Plaintiff is a member of a protected class on the basis of her religion.

47. Defendant's actions were taken with a willful and wanton disregard of Plaintiff's rights under Title VII and on the basis of her religion.

48. As a direct and proximate result of said unlawful practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages.

### COUNT III: American Disabilities Act v. Defendant

49. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if set forth fully herein.

50. Plaintiff has suffered severe emotional distress from this.

51. Plaintiff has been medically diagnosed with emotional issues from this.

52. Plaintiff requested multiple accommodations from Defendant that were recommended medically due to her emotional distress and PTSD.

53. All of the accommodation requests were reasonable.

54. Defendant denied the accommodation requests.

### COUNT IV: Breach of Contract/Breach of Parent/Student Handbook

55. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if set forth fully herein.

56. Defendant and Plaintiff have a binding parent handbook that governs the relationship between the parties.

57. Pages 11, 16, 33, 28, and 36 of the handbook set policies and warrant that Defendant will check with parents before making decisions such as the one leading to the incident in question.

58. This incident violates pages 11, 16, 33, 28, and 36 of the Defendant's Parent/Student Handbook.

**COUNT V: Battery**

59. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if set forth fully herein.

60. Defendant's touching of Plaintiff to cut her hair was intentional.

61. Defendant's touching of Plaintiff to cut her hair was harmful and offensive.

62. Plaintiff did not give consent to cut her hair.

# COUNT VI, VI, VIII: Intentional Infliction of Emotional Distress v. Defendant

63. Defendant's act of cutting Plaintiff's hair was intentional or reckless at minimum.

64. Defendant's act was extreme and outrageous.

65. Defendant's conduct caused severe emotional distress for all Plaintiff's.

                                        COX LAW GROUP

Date: January 25, 2023          By: *[signature: Anthony Cox Jr.]*

                                        Anthony D. Cox Jr., Esquire
                                        Attorney I.D. No. 324175
                                        2468 Magnolia Terrace
                                        Harrisburg, Pennsylvania 17110

## CERTIFICATE OF SERVICE

AND NOW, this 26th day of January, 2024, I, Anthony D. Cox, Jr., Esquire, hereby certify that I did file the foregoing **and** a true and correct copy is available for viewing by the following counsel of record:

Terrence J. Kerwin, Esquire
Counsel for Defendant
**Kerwin & Kerwin, LLP**
4245 State Route 209
Elizabethville, PA 17023

2601 North Front Street, Suite 101
Harrisburg, PA 17110