IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIN SMITH AND JULIA SMITH, on behalf of A.S., et al., | : Civ. No. 1:24-CV-156 :  : |
| Plaintiffs, | : : |
| v. | : (Chief Magistrate Judge Bloom) : |
| ST. MARGARET MARY SCHOOL, | : : |
| Defendant. | : |

MEMORANDUM OPINION

I. Statement of Facts and of the Case

This case comes before us for consideration of a motion to dismiss filed by the defendant, St. Margaret Mary School. (Doc. 17). The plaintiffs, Darin and Julia Smith, filed this action on behalf of their minor daughter, A.S., who was a student at St. Margaret Mary School. (Doc. 1). The amended complaint asserts various claims against the defendant, alleging that eight-year-old A.S. was subject to racial discrimination, battery, negligence, and intentional infliction of emotional distress when a teacher at the school cut a portion of her 28-inch "long black wool hair" in front of her class to remove a piece of Velcro stuck in her hair. (*See*

*generally* Doc. 14). The amended complaint also asserts a breach of contract claim arising out of the school's handbook. (*Id.*).

The amended complaint alleges that on or about November 17, 2023, while A.S. was a student at St. Margaret Mary, she got a piece of Velcro stuck in her hair. (Doc. 14 ¶ 20). The complaint asserts that A.S. is African American, "only African Americans have long wool black hair," and her hair "is a distinct feature culturally associated with African descent." (*Id.* ¶¶ 12, 13). Her teacher, Mr. Codispoti, who is a Caucasian male, subsequently cut the Velcro out of her hair. (*Id.* ¶¶ 19, 21). The amended complaint alleges that Mr. Codispoti cut A.S.'s hair in front of her class to humiliate her in front of her mostly white peers; that he knew or should have known that her hair was a distinct feature of her African American heritage; and that intentionally cutting her hair in this fashion was racially discriminatory. (*Id.* ¶¶ 26-30).

The plaintiffs further allege that no one contacted Darin or Julia Smith prior to Mr. Codispoti's decision to cut A.S.'s hair, and that when they reached out to the school afterward, they initially received no response. (Doc. 14 ¶¶ 21-24, 32). Additionally, while the plaintiffs requested that A.S. be permitted to attend a different music class and

switch homerooms, these requests were apparently denied. (*Id.* ¶¶ 50-52). The complaint further asserts that the school admitted it did not follow protocol in this instance. (*Id.* ¶ 35). Thus, the complaint alleges that the decision to cut A.S.'s hair violated several school policies set forth in the Parent/Student Handbook. (*Id.* ¶¶ 36-38). The plaintiffs further allege that A.S., as well as Darin and Julia Smith, have suffered severe emotional distress because of this incident. (*Id.* ¶¶ 46-49).

The amended complaint asserts seven claims against St. Margaret Mary: racial discrimination in violation of Title VI of the Civil Rights Act of 1964 (Count I); breach of contract (Count II); state law battery (Count III); intentional infliction of emotional distress (Counts IV, V, VI); and negligence (Count VII). (*See* Doc. 14). St. Margaret Mary has now moved to dismiss the complaint, arguing that the plaintiffs' claims against it fail as a matter of law. (Doc. 17).

After consideration, we will grant the defendant's motion to dismiss.

II. Discussion

A. Motion to Dismiss - Standard of Review

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are

5

based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider the document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

### B. The Motion to Dismiss will be Granted.

As we have noted, the plaintiffs assert several claims against St. Margaret Mary, including racial discrimination in violation of Title VI, breach of contract, and state law tort claims. However, as discussed below, we conclude the plaintiffs have not alleged facts sufficient to support a Title VI claim against the defendant. Further, because the plaintiffs' federal claim fails, we will decline to exercise supplemental jurisdiction over the state law claims.

#### 1. Title VI

First, the plaintiffs assert a claim against the defendant under Title VI, alleging that the decision to cut A.S.'s hair amounted to intentional

racial discrimination. Title VI prohibits discrimination based on race, color, or national origin by an entity that receives federal financial assistance. 42 U.S.C. § 2000(d). A plaintiff asserting a Title VI claim must allege that the discrimination was intentional. *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 562 (3d Cir. 2002). Absent direct evidence of intentional discrimination, Title VI claims are subject to the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Astaraee v. Villanova Univ.*, 509 F. Supp. 3d 265, 270 (E.D. Pa. 2020).

Accordingly, Title VI claims in the education context require a plaintiff to show: (1) membership in a protected class; (2) that the defendant took an adverse action against her in pursuit of her education; (3) the plaintiff was qualified to pursue her education; and (4) she was treated differently than similarly situated students not in her protected class. *Astaraee*, 509 F. Supp. 3d at 270 (quoting *Katchur v. Thomas Jefferson Univ.*, 354 F. Supp. 3d 655, 666 (E.D. Pa. 2019)). At a minimum, the plaintiffs "must raise at least an inference of discrimination to move forward with their Title VI claim." *Bridges ex rel D.B. v. Scranton Sch. Dist.*, 644 F. App'x 172, 179 (3d Cir. 2016).

The defendant contends the plaintiffs have not set forth any factual allegations from which we can even infer that the teacher's actions were motivated by intentional racial discrimination. "Intentional discrimination may be shown 'with evidence demonstrating either discriminatory animus or deliberate indifference.'" *David v. Neumann Univ.*, 187 F. Supp. 3d 554, 561 (E.D. Pa. 2016) (citation omitted). Here, the amended complaint asserts that Mr. Codispoti knew or should have known that cutting A.S.'s hair was discriminatory, and that he intentionally cut her hair in front of her class to humiliate her. (Doc. 14 ¶¶ 26, 29). It further asserts that Mr. Codispoti and the school "did not handle these situations in this matter with other comparators to A.S." (*Id.* ¶ 31).

In our view, these allegations fall short of asserting facts that give rise to an inference of discriminatory animus or deliberate indifference. Rather, the amended complaint appears to simply inject words such as "intentional" and "discriminatory" without including any facts to suggest or from which we can infer that Mr. Codispoti's actions were intentional or discriminatory. *See Erie CPR v. Pa. Dep't of Transportation*, 343 F. Supp. 3d 531, 554-55 (W.D. Pa. 2018) (conclusory allegations are

insufficient to establish an inference of discriminatory intent); *Kodenkandeth v. Blind & Vision Rehab. Of Pittsburgh*, 2024 WL 4242087, at *2 (W.D. Pa. Sept. 19, 2024) (dismissing Title VI claim where the plaintiff failed to allege facts to support an inference of discrimination).

Similarly, the plaintiffs' allegations that Mr. Codispoti knew or should have known that cutting A.S.'s hair was discriminatory fail to state a claim under Title VI. *See Moore v. Salanco Sch. Dist.*, 471 F. Supp. 3d 640, 662 (E.D. Pa. 2020) ("Plaintiffs' allegation regarding knowledge is a legal conclusion and not entitled to a presumption of the truth."); *David v. Neumann Univ.*, 187 F. Supp. 3d 554, 561-62 (E.D. Pa. 2016) (allegations that the university knew or should have known of the alleged discrimination amounted to legal conclusions). Further, the plaintiffs' averment that the school treated "other comparators to A.S." differently is conclusory and does not give rise to an inference of discrimination, as there is no indication that the comparators to which the plaintiffs refer were similarly situated to A.S. *See Erie CPR*, 343 F. Supp. 3d at 554 ("Comparators must be 'similarly situated' to the plaintiff in 'all relevant respects.'").

Accordingly, we conclude that the plaintiffs' amended complaint fails to allege any facts that give rise to an inference of intentional discrimination. Thus, the plaintiffs' Title VI claim fails.

### 2. State Law Claims

The plaintiff additionally asserts several state law claims against the defendant, including breach of contract, battery, intentional infliction of emotional distress, and negligence. However, because we have concluded that the plaintiffs' complaint fails to state a federal claim, we may decline to exercise supplemental jurisdiction over the plaintiff's state law negligence claim. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- ... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, because we have concluded that the plaintiffs' Title VI claim fails, we will decline to exercise supplemental jurisdiction over the plaintiffs' state law claims.[1]

---

[1] We note, however, that it appears many of the plaintiffs' state law claims would fail as a matter of law. For example, the plaintiffs' breach of contract claim based on the Parent/Student Handbook fails as a matter of law since the handbook contains an express disclaimer that it does not create any contractual obligations on the part of the school. *See*

III. <u>Conclusion</u>

For the foregoing reasons, the defendant's motions to dismiss (Doc. 17) will be GRANTED. However, given that we cannot conclude at this time that leave to amend would be futile, see *Phillips v. County of Allegheny*, 515 F.3d 224, 246 (3d Cir. 2008), the amended complaint will be DISMISSED WITHOUT PREJUDICE to the plaintiffs filing an amended complaint within 20 days of our order.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

*Landmesser v. United Air Lines, Inc.*, 102 F. Supp. 2d 273, 280 (E.D. Pa. 2000) (citing *Ruzicki v. Catholic Cemeteries Ass'n of Diocese of Pittsburgh*, 610 A.2d 495, 498 (1992)) (finding that an "explicit disclaimer of the formation of a contract nullifies [a] claim for breach of contract."). Additionally, the plaintiffs' intentional infliction of emotional distress claims likely fail as a matter of law as such claims require an allegation of "extreme and outrageous conduct," and only the most egregious conduct, such as killing another person and covering it up or fabricating records to induce criminal charges, has been held to be sufficient for such claims to survive. *See Hoy v. Angelone,* 720 A.2d 745, 754 (Pa. 1998) (collecting cases).